IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| KINDERCARE LEARNING CENTERS,<br>INC., a Delaware Corporation, | )<br>)<br>) | |
| Plaintiff, | ) | Case No. 06-319-KI |
| vs. | )<br>)<br>) | OPINION AND ORDER |
| CHRISTOPHER MINOZA, | )<br>) | |
| Defendant. | )<br>) | |

       Joel A. Mullin
       Amy Edwards
       Stoel Rives, LLP
       900 S. W. Fifth Avenue, Suite 2600
       Portland, Oregon 97204

             Attorneys for Plaintiff

       Craig A. Crispin
       9600 S. W. Oak Street, Suite 500
       Portland, Oregon 97223

             Attorney for Defendant

KING, Judge:

Plaintiff KinderCare Learning Centers, Inc. ("KinderCare") filed suit in March 2006 for a declaration that it owes no payments to defendant Christopher Minoza under a November 2004 severance agreement between them. Minoza filed three counterclaims, including one based on fraud/misrepresentation. Before the court is KinderCare's Motion to Dismiss Defendant's Fraud/Misrepresentation Claim (#20). For the following reasons, I grant KinderCare's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff KinderCare operates children's daycare and learning centers throughout the United States. Defendant Minoza is a former executive of KinderCare. KinderCare and Minoza entered into a severance agreement on November 5, 2004 ("Severance Agreement"). The Severance Agreement provides that on the occurrence of a "Change of Control Event" and Minoza's resignation for "Good Reason," Minoza would be entitled to certain payments, including a "termination payment." KinderCare filed this action on March 8, 2006, seeking a declaration that Minoza is not entitled to any payments under the Severance Agreement. On April 6, 2006, Minoza filed his answer to the complaint and counterclaims for attorneys fees, breach of contract and fraud/misrepresentation.

In January 2005, Knowledge and Learning Corporation ("KLC") acquired KinderCare. On April 1, 2005, Minoza moved from his position as Regional Vice President of KinderCare to the position of Vice President, Employer Partnerships for KLC. KinderCare alleges that this move was a promotion. Minoza alleges that this move was a "deemed demotion" and therefore constituted "Good Reason" for resignation under the Severance Agreement. On January 4, 2006, Minoza advised his employer that his move to the position of Vice President, Employer

Partnerships triggered his right to a termination payment under the Severance Agreement. Minoza further stated that if he was not reinstated to his previous position, he would resign effective February 17, 2006. KLC denied Minoza's reinstatement request, and Minoza resigned his employment on February 17, 2006.

Minoza alleges that in March 2005, KLC's Senior Vice President for Human Resources, Edward Brewington, expressly represented to Minoza that his reassignment to the position as Vice President, Employer Partnerships would have no effect on his right to severance benefits under the Severance Agreement. Minoza alleges that Brewington repeated this representation on or about September 4, 2005. In his fraud/misrepresentation counterclaim, Minoza alleges that Brewington made these representations knowing them to be false, or with reckless disregard of their truth or falsity, for the purpose of causing Minoza to remain employed with KLC and not claim the benefits he would receive under the Severance Agreement. Minoza claims that he reasonably relied on these representations and remained employed, thereby delaying and/or jeopardizing his claim to benefits and foregoing other opportunities for employment. Minoza seeks economic damages of $800,000 and punitive damages of $1,000,000 on the fraud/misrepresentation counterclaim. KinderCare moves to dismiss Minoza's counterclaim.

## DISCUSSION

I.  <u>Legal Standards</u>

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Gibson v. United States</u>, 781 F.2d 1334, 1337 (9th Cir. l986). The review is limited to the pleadings, and all allegations of material fact are taken as true and viewed in the

light most favorable to the non-moving party.  Cassettari v. Nevada County, Cal., 824 F.2d 735,

737 (9th Cir. 1987).

II.     Plaintiff's Motion to Dismiss the Counterclaim for Fraud/Misrepresentation

For tort liability to be imposed for fraud and misrepresentation associated with a contract, "a tort duty must exist '*independent of the contract and without reference to the specific terms of the contract.*'  That duty in tort does not arise from the terms of contract, but from the *nature of the parties' relationship*."  Conway v. Pac. Univ., 324 Or. 231, 237-38, 924 P.2d 818, 822 (1996) (internal citations omitted, emphasis in original).  This court has noted that under Oregon law a tort claim based on conduct that is also a breach of contract requires a party to allege two things: "'first, that the defendant's conduct violated some standard of care that is not part of the defendant's explicit or implied contractual obligations; and, second, that the independent standard of care stems from a particular special relationship between the parties.'"  Thompson v. Federico, 324 F. Supp. 2d 1152, 1167 (D. Or. 2004) (quoting Strader v. Grange Mut. Ins. Co., 179 Or. App. 329, 333, 39 P.2d 903, 906 (2002)).  A "special relationship" exists between contracting parties when one party owes the other a duty of care implied from the law. Georgetown Realty, Inc. v. Home Ins. Co., 313 Or. 97, 110-11 & 110 n.7, 831 P.2d 7, 14 & n.7 (1992).  Examples include duties owed by lawyers, physicians, architects, engineers, and liability insurers.  Id.

According to defendant's fraud/misrepresentation counterclaim, Brewington made representations regarding the effect of defendant's reassignment on his rights under the Settlement Agreement.  The counterclaim seeks both contractual damages based on KinderCare's alleged obligation to pay severance benefits and punitive damages in tort.  The tort claim arises

Page 4 - OPINION AND ORDER

from KinderCare's alleged obligation to provide benefits under the Severance Agreement. In such circumstances, when a tort claim is based on the subject matter of a contractual relationship between an employer and an employee, a plaintiff must allege that an independent duty and special relationship exist to sustain a claim. Conway, 324 Or. at 237-38, 924 P.2d at 822; see also Thompson, 324 F. Supp. 2d at 1167.

In Conway, the Oregon Supreme Court held that a university did not have a special relationship with a contractually-employed tenure-track professor that would support a claim of negligent misrepresentation. Conway, 324 Or. at 243, 924 P.2d at 826. The plaintiff in Conway alleged tortious misrepresentation after he asked the university dean whether below-average student evaluations would affect his chance to receive tenure, the dean told him they would not be a problem, but the university ultimately decided not to grant him tenure due in large measure to his poor student evaluations. The Court held that the employer-employee relationship was not the type of special relationship that triggered a duty independent of the contractual relationship. Id. at 243, 924 P.2d at 825-26 ("if we were to characterize the university as a nongratuitous supplier of information based solely upon a contractual obligation to provide information, the effect would be to transform that contractual obligation into a tort duty to avoid making negligent representations").

Defendant argues that reliance on Conway is inappropriate, because Conway involved a claim for negligent misrepresentation, whereas defendant argues that his counterclaim is for intentional misrepresentation. Based on this distinction, defendant argues that whereas a negligence claim requires a showing of a special relationship, a fraud claim does not. Defendant

Page 5 - OPINION AND ORDER

points out that Thompson involved claims of negligent misrepresentation and fraud, but only applied the special relationship requirement to the misrepresentation claim, not the fraud claim.

Thompson cannot be so limited.  First, the fraud claim in Thompson was a claim for fraud in the inducement to enter into a contract–a defendant making a promise that he specifically did not intend to perform–not fraud arising out of a representation as to the meaning of the terms of a contract after a contract had already established the relationship between the parties.  Thompson, 324 F. Supp. 2d at 1168.  Second, Oregon precedent makes no distinction among types of torts in the context of a tort claim arising from a breach of contract.  The rule requiring a special relationship or a duty independent of the terms of the contract applies to torts generally, not only to torts involving negligence or misrepresentation. Harper v. Interstate Brewery Co., 168 Or. 26, 37-38, 120 P.2d 757, 762-63 (1942) ("[a] mere breach of contract cannot be sued on as a tort, but for tortious acts, independent of the contract, a man may be sued in tort ....  The crucial question therefore is whether, independent of the express provisions of the contract, the [defendant] had a common-law duty ....") (internal citations omitted).  Defendant has not cited any authority holding that certain types of tort claims arising from breach of contract are exempt from the general requirement that there be an independent duty or special relationship between the contracting parties.

Defendant also relies on Gish v. Douglas County, 109 Or. App. 84, 817 P.2d 1341 (1991).  In Gish, the plaintiff employee alleged that she left her tenured non-probationary position with the City of Roseburg to enter into an employment contract with the county, based on her supervisor's negligent and false representations that her new employment with the county would also be non-probationary.  The city and county had signed an intergovernment merger

agreement, by which other city employees who transferred to the county under the merger were treated as non-probationary. When the Gish plaintiff was terminated by the county as a probationary employee, she sued the county for negligent misrepresentation. The appellate court held that her situation was analogous to a claim for fraud in the inducement and found that her allegations properly stated a claim. Gish, 109 Or. App. at 88-89, 817 P.2d at 1343. The court relied on the finding that the non-probationary status was not part and parcel of her employment, but originated in sources other than the contract between plaintiff and the county. Id. Gish is distinguishable because the alleged misrepresentations in this case, which go to the terms of the existing Severance Agreement between KinderCare and Minoza, arose from the subject matter of the Severance Agreement and only after the parties entered into the Severance Agreement. Unlike the claim in Gish, defendant's claim here is fraud unrelated to any inducement to enter into the Severance Agreement.

Defendant has not identified any independent duty on KinderCare's part to provide an accurate interpretation of the Severance Agreement after it was executed, and has not alleged or articulated any source of a duty, independent of KinderCare's obligations under the Severance Agreement, which was breached by Brewington's representations. Conway, 324 Or. at 237-38, 924 P.2d at 822. Without an independent duty, or a special relationship between the plaintiff and defendant, a claim for misrepresentation of the terms of the contract fails to state a claim on which relief can be granted. Id.; Georgetown Realty, 313 Or. at 110-11 & 110 n.7, 831 P.2d at 14 & n.7; see also Prudential Prop. & Cas. Ins. Co. v. Lillard-Roberts, No. CV-01-1362-ST, 2002 WL 31974401, at *3 (D. Or. Nov. 4, 2002) (holding that defendant's claim for fraud based on a misrepresentation by the insurance company's agent regarding the extent of coverage failed

Page 7 - OPINION AND ORDER

because the extent of the defendant's coverage was defined by the insurance policy and no special relationship existed between the defendant and either the insurance company or its agent). Because defendant has not articulated an independent duty or alleged a special relationship between himself and plaintiff, his counterclaim for fraud/misrepresentation must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendant's Fraud/Misrepresentation Claim (#20) is granted.

IT IS SO ORDERED.

Dated this      21st       day of June, 2006.


     /s/ Garr M. King
Garr M. King
United States District Judge

Page 8 - OPINION AND ORDER